# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRANDE KLOSTER,**

      **Plaintiff,**

v.                                                         Case No: 6:23-cv-794-CEM-DCI

**CLEAR BLUE INSURANCE COMPANY**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Defendant Clear Blue Insurance Company's Verified Supplemental Motion for Determination of Entitlement to and Award of Reasonable Attorneys' Fees and Costs. Doc. 55 (the Motion). For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED.**

### I. BACKGROUND

Plaintiff Brande Kloster (Plaintiff) commenced this action by filing the Complaint against Defendant Clear Blue Insurance Company (Defendant) in Florida's Ninth Judicial Circuit. Doc. 1-1. Defendant timely removed the case to this Court based on diversity jurisdiction. Doc. 1 at 3. Discovery proceeded throughout 2023 and 2024. On June 30, 2023, Defendant served Plaintiff with an offer of judgment. Doc. 55 at 1-2. Plaintiff did not respond to the offer, and the case proceeded to the pretrial stage. *Id.* Defendant filed a motion for summary judgment on October 1, 2024, and the Court entered an order granting Defendant's Motion for Final Summary Judgment on January 28, 2025. Docs. 45, 48. The clerk entered final judgment in favor of Defendant the same day. Doc. 49.

Following the clerk's entry of final judgment, Defendant filed a motion seeking an award of attorney fees (Doc. 52), which the Court denied for failure to comply with Local Rule 3.01(g). Doc. 53. Defendant subsequently filed the instant Motion pursuant to section 768.79, Florida Statutes. Doc. 55. The Motion's 3.01(g) certification states that Plaintiff opposes entitlement, and conferral remains ongoing as to quantification of the hourly rates, hours worked, and costs Defendant seeks. Doc. 55 at 16. Plaintiff never filed a response to the Motion.

## II. DISCUSSION

As a threshold matter, Plaintiff has not responded to the Motion and the time for doing so has elapsed. The Court routinely grants motions as unopposed where the opposing party has not filed a response in opposition to the motion. *See* Local Rule 3.01(c) ("A party may respond to a motion with fourteen days after service of the motion . . . If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Foster v. The Coca-Cola Co.*, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015)). Defendant filed the Motion on February 28, 2025 and Plaintiff has filed no response. Accordingly, the undersigned recommends treating the Motion as unopposed.[1]

---

[1] The Local Rules require a party seeking post-judgment attorney fees to first "obtain an order determining entitlement before providing a supplemental motion on amount." *See* Local Rule 7.01(a). The Court denied Defendant's first motion seeking attorney fees (Doc. 52) for failure to confer in accordance with Local Rule 3.01(g). Doc. 53. Defendant proceeded to file the instant Motion, seeking entitlement and quantification of attorney fees and costs simultaneously. *See* Local Rule 7.01(a)-(c) (establishing a bifurcated procedure movant must follow when seeking a post-judgment fee award). Although Defendant has not proceeded sequentially and in accordance with Local Rule 7.01, Local Rule 1.01(b) allows the Court to suspend the application of a rule "[i]f reasonably necessary to achieve the purpose of these rules." Local Rule 1.01(a) provides that the purpose of the rules is to "advance efficiency, consistency, convenience, and other interests of justice." Here, Plaintiff's complete lack of opposition to the Motion weighs in favor deciding both entitlement and quantification at once for the sake of efficiency and convenience.

### A. Entitlement

The Eleventh Circuit has held that Florida Statutes section 768.79 applies in diversity cases based on state law claims. *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 883 (11th Cir. 2015) (noting that section 768.79 is substantive) (citation omitted). Section 768.79(1) provides, in part, as follows:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him ... from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award . . . .

(emphasis added). Section 768.79 is applicable to civil actions in which a party seeks damages, i.e., monetary relief. *See Diamond Aircraft Int'l, Inc. v. Horowitch*, 107 So.3d 362, 373 (Fla. 2013); *Yacht Club on the Intracoastal Condo. Ass'n, Inc.*, 599 F. App'x at 883 (citation omitted). In addition, for an offer of judgment to be valid, it must comply with the requirements of both section 768.79 and Florida Rule of Civil Procedure 1.442. *See Horowitch*, 107 So.3d at 376–78 (noting that both section 768.79 and Rule 1.442 "are in derogation of the common law rule that each party is responsible for its own attorney's fees which requires that [courts] strictly construe both the statue and the rule") (emphasis in original) (citation omitted).

Here, Plaintiff has not disputed that Defendant served Plaintiff with an offer of judgment; that Plaintiff did not accept the Offer; and that the Court subsequently granted summary judgment in Defendant's favor. Doc. 55 at 7-8. Accordingly, upon review of the Motion, including the attached offer of judgment, and considering the lack of opposition from Plaintiff, the undersigned finds that Plaintiff is entitled to reasonable attorney fees and costs.

3

**B.     Quantification**

Attorney fees awarded pursuant to section 768.79 operate as a sanction to punish parties who unreasonably reject offers of judgment. *Sarkis v. Allstate Ins. Co.*, 863 So.2d at 218 (Fla. 2003). "Because the fees operate as a sanction, the statute 'must be strictly construed in favor of the one against whom the penalty is imposed and is never extended by construction.'" *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d, 1369, 1374–75 (M.D. Fla. May 14, 2010) (quoting *Sarkis*, 863 So.2d at 223 (Fla. 2003)). The party moving for fees bears the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

A federal court must apply state law to resolve disputes about the reasonableness of fees. *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002). "The Florida Supreme Court, however, has turned the law full circle by adopting the federal lodestar method, rather than a state rule to determine what constitutes 'reasonable' attorney's fees." *Kearney*, 713 F. Supp. 2d at 1373 (M.D. Fla. May 14, 2010). Under the "lodestar" method, a reasonable fee award is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553–54 (2010).

The Court may adjust the lodestar to account for a variety of factors, including those identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974),[2] and

---

[2] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the

may also rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299–1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted). In addition, "when awarding fees under Florida Statute[s section] 768.79(7)(b), the Florida Supreme Court reaffirmed in *Sarkis v. Allstate Insurance Company* that courts may consider subjective factors, as set out by the Florida Rules of Professional Conduct, as well as six similar factors set out in statute.[3]" *Kearney*, 713 F. Supp. 2d at 1374 (M.D. Fla. May 14, 2010).

---

professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

[3] Section 768.79(7)(b), Florida Statutes provides:

> When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
>
> 1. The then apparent merit or lack of merit in the claim.
>
> 2. The number and nature of offers made by the parties.
>
> 3. The closeness of questions of fact and law at issue.
>
> 4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
>
> 5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
>
> 6. The amount of additional delay cost and expense that the person making the offer reasonably would expect to incur if the litigation should be prolonged.

Defendant seeks $36,324.50 in attorney fees, summarized by timekeeper in the table below:[4]

| Attorney Fees | | | |
|---|---|---|---|
| **Category** | **Hourly Rate** | **Hours Billed** | **Total** |
| Paralegal | $135 | 21.2 | $2,826 |
| Associate | $260 | 4.5 | $1,170 |
| Counsel | $295 | 4.2 | $1,239 |
| Counsel | $295 | 46 | $13,570 |
| Partner | $365 | 47.9 | $17,483.50 |
| | | | $36,324.50 |

The undersigned finds that Defendant's total hours claimed are reasonable. Local Rule 7.01(c)(4)(E) requires the movant to verify "that counsel . . . has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable[.]" In the Motion, Defendant's counsel states that she "examined the attached timesheets and redacted them where necessary to ensure that the entries were not excessive, unnecessary, redundant, or clerical per Local Rule 7.01." Doc. 55 at 14. Further, "[s]o long as the time entries for billing do not offend the court as being unnecessarily vague and ambiguous as to be deemed unconscionable, the requested fee award will be deemed reasonable." *See Nitram, Inc. v. Indus. Risk Insurers*, 154 F.R.D. 274, 277 (M.D. Fla. 1994). The undersigned has reviewed the

---

The undersigned has considered these factors in determining the reasonableness of the award.

[4] *See* Doc. 55 at 11 (relaying this information in paragraph form).

billing entries in Exhibit B (Doc. 55-2) and finds the hours expended and the time entries associated with those hours to be reasonable.

The undersigned also finds that Defendant submitted reasonable hourly rates for each timekeeper. When quantifying reasonable fees, courts endeavor to consider the prevailing, reasonable rate in the applicable legal community for similar work by lawyers with similar experience, not the worth of any particular lawyer on the open market. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) ("A prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate.").

Here, Defendant has assigned an hourly rate of $135.00 per hour for a paralegal with nine years of experience; $260.00 per hour for an associate with four years of experience; $295.00 per hour for counsel with ten and fifteen years of experience; and $365.00 per hour for a partner with over twenty years of experience. Doc. 55 at 11-12. All the timekeepers have expertise in insurance claims and/or first-party claims. *Id.* Courts in this District have recently awarded similar hourly rates for attorneys with commensurate levels of experience and expertise. *See, e.g., Grayson v. No Labels, Inc.*, No. 6:20-cv-1824-PGB-LHP, 2024 WL 473775, at *6-8 (M.D. Fla. Jan. 4, 2024), *report and recommendation adopted*, 2024 WL 863117 (M.D. Fla. Feb. 29, 2024) (approving hourly rates of $475, $400, $375, and $350); *Rudakas v. State Farm Mut. Auto. Ins. Co.*, No. 6:18-cv-974-Orl-37EJK, 2020 WL 1640096, at *2 (M.D. Fla. Apr. 2, 2020) (approving an hourly rate of $475 for the one attorney seeking fees and $100 for the paralegal); *Diperna v. GEICO Gen. Ins. Co.*, No. 6:12- cv-687-Orl-36KRS, 2016 WL 7246094, at *4 (M.D. Fla. June 27, 2016), *report and recommendation adopted*, No. 6:12-cv-687-Orl-36-KRS, Doc. 218 (M.D. Fla. Aug. 4, 2016)

(approving hourly rates of $550, $450, $400, and $225). Accordingly, the undersigned recommends the Court grant Defendant's request for fees at the hourly rates requested.

Having found the hours expended and the hourly rates reasonable, the undersigned recommends the Court award the $36,324.50 in attorney fees Defendant seeks.

Defendant also seeks to recover $2,693 in costs pursuant to section 768.79. Doc. 55 at 15. Section 768.79 authorizes the award of reasonable costs "calculated in accordance with the guidelines promulgated by the Supreme Court [of Florida] . . ." *See* § 768.79, Florida Statutes. Florida Courts assess costs using the Statewide Uniform Guidelines for Taxation of Civil Actions. *See, e.g., Jones v. ETS of New Orleans, Inc.,* 793 So. 2d 912, 915 n.2 (Fla. 2001) ("The general rule is that only taxable costs are to be included in any cost judgment.") (citing Statewide Uniform Guidelines for Taxation of Civil Actions).[5] The guidelines authorize a prevailing party to recover, among other items, costs for:

- Documents and Exhibits - The costs of copies obtained in discovery, even if the copies were not used at trial.

- Expert Witnesses - A reasonable fee for deposition and/or court testimony, and the costs of preparation of any court ordered report.

- Mediation/Nonbinding Arbitration Fees and Expenses - Costs of mediation, including mediator fees.

- Testifying Expert Witnesses - A reasonable fee for conducting examinations, investigations, tests, and research and preparing reports.

Fla. R. Civ. P. App. II at 333-34 (formatting modified). Here, Defendant seeks to recover costs for documents obtained in discovery, expert witness expenses and mediation fees. Doc. 55 at 15; *see also* Doc. 55-3. The costs are summarized in the chart below:

---

[5] The Statewide Uniform Guidelines for Taxation of Civil Actions is published as Appendix II in the Florida Rules of Civil Procedure.

| Costs | |
|---|---|
| Expert Witness Expenses | $1,720 |
| Records Production | $298.25 |
| Mediation Services | $675 |
|  | **$2,693** |

The undersigned finds that Florida Statutes section 768.79 permits Defendant to recover the costs sought in the Motion. Accordingly, the Court should award Defendants the costs they seek.

## III. CONCLUSION

In conclusion, the undersigned **RECOMMENDS** that the Court **GRANT** the Motion (Doc. 55) and award Defendant $**36,324.50** in attorney fees and **$2,693.00** in costs.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on April 15, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE